IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **TK HOLDINGS INC.,** | |
| **Plaintiff,** | |
| vs. | CIVIL ACTION NO. 17-250-LY |
| **JUAN R. ORDONEZ,** | JURY TRIAL DEMANDED |
| **Defendant.** | |

**DEFENDANT'S OPPOSED MOTION TO DEFER CONSIDERATION OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT PENDING THE COURT'S RULING ON DEFENDANT'S MOTION TO DISMISS, OR ALTERNATIVELY, MOTION TO STAY**

Defendant Juan R. Ordonez, ("Ordonez"), pursuant to Federal Rule of Civil Procedure 7(b)(1) and W.D. Tex. Local Rule CV-7(i), files this Motion to Defer Consideration of Plaintiff's Motion for Summary Judgment pending the Court's ruling on Defendant's Motion to Dismiss, or alternatively, Motion to Stay, and states:

**I.      INTRODUCTION AND PROCEDURAL BACKGROUND**

In the interest of brevity, Defendant adopts and incorporates the Introduction and Procedural Background set forth in Defendant's Motion to Dismiss [Dkt.9].

The following procedural events are relevant to this motion to stay and demonstrate Plaintiff, TK Holdings Inc.'s ("Plaintiff" or "TKH") efforts to manipulate and circumvent the procedural safeguards provided to defendants, such as Juan Ordonez, under the Federal Rules of Civil Procedure:

1

- **March 22, 2017**:   TKH files its Complaint for declaratory judgment ("Complaint") [Dkt. 1];

- **April 18, 2017**:   Ordonez moves to dismiss Plaintiff's Complaint pursuant to Fed. R.Civ.P. 12(b)(1), (6), and (7) [Dkt. 9];

- **April 11, 2017:**   TKH files its Motion for Summary Judgment [Dkt. 8];

- **April 18, 2017:**   In response to TKH's motion for summary judgment, Ordonez files the subject Motion to Stay pending the Court's ruling on the Fed.R.Civ.12(b)(1), (6), and (7) Motion to Dismiss.

To comply with procedural requirements, Ordonez intends to file a cursory response requesting that the Court deny THK's premature motion for summary judgment.[1] Certainly the term "premature" fits the circumstances of this case, as TKH filed its motion for summary judgment a mere 10 days after serving Ordonez with its Complaint. TKH's summary judgment motion asserts factual matters outside of the pleadings and was so perfunctory in nature that it failed to include legal authorities (other than Rule 56 standard cases) in support of its summary judgment allegations. These facts alone support a ruling of this Court denying outright as premature TKH's summary judgment motion or at least deferring consideration of it until oral depositions can be taken.

However, if a stronger case for denial or deferral needs to be made, TKH has made it itself. What is good for the goose is also good for the gander, and if TKH has argued for summary judgment based on extrinsic evidence they believe shows a defense supported by the

---

[1] Due to the nature of TKH's claim, full and complete briefing will be substantial and, consequently, expend resources of the parties that could be preserved until the Court rules upon Defendant's pending Motion to Dismiss. In essence, TKH's use of the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, et. seq. ("the DJA") is a preemptive, tactical device where TKH attempts to "jump the gun" and choose to be a plaintiff. *See Serco Servs. Co., L.P. v. Kelly Co., Inc.*, No. CA 3:93-CV-1885-R, 1994 WL 715913, at *2 (N.D. Tex. May 24, 1994) (holding that despite a first-filed rule, the plaintiff "cannot be permitted to transform a doctrine that was offered as a shield into a sword which cuts at the heart of other legal principles").

statute of repose, then it cannot in good faith argue that granting summary judgment would be proper (and not premature) where in particular Plaintiff and even Ordonez, have not yet had an opportunity to engage in a sliver of discovery that could show otherwise.

The Motion to Dismiss [Dkt. 9] seeks dismissal of the Complaint against Ordonez based solely on its face and the law within this circuit which disfavors anticipatory declaratory actions. Given that (1) no discovery has been had, (2) Ordonez is not seeking a stay to delay the proceedings, (3) no case management conference has been scheduled (and therefore discovery is not even permitted under Rule 26(d)(1)) and (4) no party will be prejudiced if the relief sought herein is entered, Ordonez filed the instant motion to stay the case (including TKH's motion for summary judgment) until this Court ruled on the pending Motion to Dismiss. In fact, Ordonez anticipates that TKH will now suggest that a stay is unwarranted, but it will be unable to offer any legal authority demonstrating such. Much less has it offered any reason (because it cannot) why this Court should entertain a plaintiff's motion for summary judgment when a case is in the infantile stages.

Contrary to TKH's anticipated implication, it is not unusual for a case in a procedural posture such as this to be stayed, and this Court is well within its wide discretionary authority to stay this matter in its entirety pending its ruling on Ordonez's Motion to Dismiss.[2]

## II.   LAW AND ARGUMENT

The Fifth Circuit Court of Appeals has held that district courts possess broad discretion in the administrative management of their cases, including their enforcement of local rules, issuance of scheduling orders, discovery, etc., and that the exercise of such discretion will only

---

[2] A district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706, 117 S.Ct. 1636, 137 L.Ed. 945 (1997). A court may stay a proceeding pending resolution of a related issue for a variety of reasons. *Ortega Trujillo v. Conover & Co. Commc'ns, Inc.*, 221 F.3d 1262, 1264 (11th Cir. 2000).

be overturned for abuse. *See Macklin v. City of New Orleans,* 293 F.3d 237, 240 (5th Cir. 2002); *see also Crosswhite v. Lexington Ins. Co.,* 2009 U.S. App. LEXIS 6781, at *10 (5th Cir. Apr. 1, 2009).[3] The Fifth Circuit has specifically held that staying/postponing proceedings pending a district court's ruling on a 12(b)(6) motion to be proper. *Alpha Kappa Alpha Sorority, Inc. v. Converse Inc.,* 175 Fed. Appx. 672 (5th Cir. 2006).

In response to the complaint filed against it, the defendant in *Converse* moved to dismiss under Rule 12(b)(6). *Id*. at 674. The plaintiffs thereafter propounded discovery to the defendants. *Id*. at 674. In response plaintiffs' discovery request, the defendant moved to stay plaintiffs' discovery, arguing that discovery could not be undertaken until a scheduling order had been issued by the court and that allowing discovery before a ruling on its Rule 12(b)(6) motion would be premature. *Id*. at 674-75. In holding that the district court did not abuse its discretion in staying the issuance of a scheduling order pending the motion to dismiss, the Fifth Circuit held the following:

> Rule 16(b) of the Federal Rules of Civil Procedure authorizes federal courts to organize the discovery process through a scheduling order. Fed. R. Civ. P. 16(b); *see also Barrett v. Atl. Richfield Co.,* 95 F.3d 375, 380 (5th Cir. 1996). Pending a case surviving a motion to dismiss under Rule 12(b)(6), however, the district court may wish to postpone the issuance of a scheduling order until it decides whether the case merits further factual development. *See, e.g., Ehlmann v. Kaiser Found. Health Plan of Tex.,* 198 F.3d 552, 554 (5th Cir. 2000). The district court cannot be said to have abused its discretion in delaying the issuance of a scheduling order until its ruling on the Rule 12(b)(6) motion.

*Id*. at 682.

Specifically included in the subject motion to stay, is Ordonez's request to stay all proceedings relating to TKH's motion for summary judgment. Although Rule 56(a) of the Federal Rules of Civil Procedure provides that a party may move for summary judgment "at any

---

[3] "A trial court enjoys wide discretion in determining the scope and effect of discovery ... [i]t is, in fact, unusual to find an abuse of discretion in discovery matters."

time after the expiration of 20 days from the commencement of the action," courts presented with procedural scenarios identical to the scenario herein are reluctant to grant or even entertain such early filed plaintiff summary judgment motions.[4] *See Pestube Sys. v. HomeTeam Pest Def., LLC,* 2006 U.S. Dist. LEXIS 13055 (D. Ariz. Mar. 22, 2006); *First American Bank, N. A. v. United Equity Corp.,* 89 F.R.D. 81, 86 (D.D.C. 1981); *Matini v. Reliance Std. Life Ins. Co.,* 2005 U.S. Dist. LEXIS 25629 (E.D. Va. Oct. 24, 2005).

Recently, an Arizona U.S. District Court analyzed this "unusual" summary judgment procedural maneuver taken by plaintiffs in *Pestube Systems, supra.* Similar to TKH herein, the plaintiff in *Pestube Systems* moved for summary judgment <u>prior</u> to the court's decision on the defendant's Rule 12(b)(6) motion to dismiss. Distinguishing a Rule 12(b)(6) motion from a Rule 56 summary judgment motion and relying on decisions from other jurisdictions, the court in *Pestube Systems* refused to entertain the plaintiff's hastily filed motion for summary judgment until <u>after</u> it had rendered its decision on the 12(b)(6) motion. 2006 U.S. Dist. LEXIS 13055. Relying on *Stuart Inv. Co. v. Westinghouse Elec. Corp.,* 11 F.R.D. 277 (D. Neb. 1951), the defendant in *Pestube Systems* moved to stay the time to file a response to the plaintiff's motion for summary judgment asserting the motion to be "premature." *Id*. at *2. Like TKH and the plaintiff in *Pestube Systems*, the plaintiff in *Stuart* moved for summary judgment pending the defendant's Rule 12(b)(6) motion to dismiss. *Stuart,* 11 F.R.D. 277. The *Stuart* Court explained the procedural situation in pertinent part as follows:

---

[4] Wherein the defendant moves to dismiss under Rule 12(b)(6) instead of answering the Complaint, and the plaintiff, prior to the Court's ruling on the 12(b)(6) motion (and more specifically prior to the filing of any answer to the allegations in the Complaint), moves for summary judgment granting the relief sought in the Complaint. See *In re Herbst*, 76 B.R. 882, 885 (Bankr. D. Mass. 1987) (noting such procedure to be "**somewhat unusual**."). (emphasis added).

> It is true that Rule 56 in its present form allows the presentation by a claimant of such a motion, at any time after the expiration of 20 days from the commencement of the action or after service of a motion for summary judgment by the adverse party.' In its original language the rule allowed the making of such a motion only after the pleading in answer to the claim had been served. But although a motion by a claimant for summary judgment, served before the service of answer to his complaint may not be denied on the ground that it is necessarily and inevitably tendered too early, **the general cautions against the allowance of such motions mentioned in the preceding paragraph must be kept in view. And within their teaching, a court must not grant a summary judgment upon motion therefor tendered before the service of an answer,** unless in the situation presented, it appears to a certainty that no answer which the adverse party might properly serve could present a genuine issue of material fact.

*Id*. at 280 (emphasis added).

While noting that the plaintiff's motion was technically not "premature," the *Pestube Systems* court, relying on *Stuart*, *First American Bank* and *Matini*, supra, reasoned that because no answer had been filed by the defendant, it could not determine that there was no genuine issue of fact surrounding the plaintiff's claim and that such a determination would have to wait until the answer was filed and if, the motion to dismiss was denied. *Id*. at *8-9. Exercising the discretion granted to it in considering motions for summary judgment, the *Pestube Systems* court chose to postpone Plaintiff's summary judgment proceedings, specifically including defendant's obligation to file a response:

> **The proper course of action appears to be to postpone or extend the applicable deadline to respond to Plaintiff's Sealed Motion for partial summary judgment. …[I]n the interests of economy, the Court will postpone the deadline to file a formal response to Plaintiff's Motion until the date the Defendant is obligated to file an answer….**In the meantime, the Court will evaluate the merits of Defendant's Motion to dismiss claims one and three of Plaintiffs Amended Complaint.

*Id*. at *9-10 (emphasis added).

The instant Rule 12(b)(6) motion challenges the legal sufficiency of the face of the Complaint and the documents exhibited thereto including specifically whether this Court even has subject

matter jurisdiction to hear TKH's anticipatory Declaratory Action. It is not a Rule 56 motion for summary judgment challenging the merits of TKH's claims to determine whether genuine issues of material fact exist.[5] Like the courts in *Converse and Pestube Systems, supra,* this Court should stay and/or postpone all proceedings unrelated to Ordonez's Motion to Dismiss pending the Court's evaluation and ultimate decision on same.

### III.     CONCLUSION

For the above foregoing reasons, Defendant respectfully requests an Order:

i)   Deferring this Court's consideration of Plaintiff's Motion for Summary Judgment pending the Court's ruling on Defendant's Rule 12 (b)(6) Motion to Dismiss;

ii)  Staying the deadline for Defendant to respond to Plaintiff's Motion for Summary Judgment and the Parties requirement to comply with Fed. R. Civ. P. 26 for a period of either: (1) sixty (60) days; or (2) fourteen (14) days after the Court enters an Order on Defendant's Rule 12 (b)(6) Motion to Dismiss, and

iii) For such other and further relief as this Court deems just and appropriate under the circumstances.

---

[5] Rule 56(d) is "the designated mechanism for dealing with the problem of premature summary judgment motions," and it allows "a summary judgment motion to be denied, or the hearing on the motion to be continued, if the nonmoving party has not had an opportunity to make full discovery." "The protection afforded by [Rule 56(d)] is an alternative to a response in opposition to summary judgment...and is designed to safeguard against a premature or improvident grant of summary judgment." *See State Farm Fire & Cas., Co. v. Whirlpool Corp.*, 3:10-CV-1922-D, 2011 WL 3567466 (N.D. Tex. Aug. 15, 2011); *Celotex Corp. v. Catrett*, 477 U.S. 317, 326, 106 S.Ct. 2548 (1986) (referring to former Rule 56(f), now Rule 56(d)); *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990) (referring to former Rule 56(f), now Rule 56(d).
Applied herein, Defendant has not had the opportunity to engage in discovery since this case in the beginning stages and the parties have not completed their Rule 26(f) scheduling conference. Regardless, Defendant should not have to seek the protections afforded by Rule 56(d) as Plaintiff's Motion for Summary Judgment is a red herring—meant to disguise and distract this Court from the glaring subject matter jurisdictional deficiencies that Plaintiff's Complaint blatantly ignores.

## **CERTIFICATION OF GOOD FAITH CONFERENCE**

Pursuant to W.D. Tex. Local Rule CV-7(i), counsel for Defendant certifies that on April 11, 2017, the undersigned telephonically conferred with counsel for Plaintiff Peter A. Querubin, Esq., who objects to the relief sought herein.

Dated: April 18, 2017      Respectfully submitted,

/s/Andrew Parker Felix
**Andrew Parker Felix, Esquire**
Florida Bar No. 0685607 (*pro hac vice*)
**Morgan & Morgan, P.A.**
20 N. Orange Avenue, Suite 1600
Orlando, Florida 32801
Telephone:    (407) 244-3204
E-mail: AFelix@forthepeople.com
Secondary E-Mail: KDimeglio@forthepeople.com

and

**Bernard Mazaheri, Esquire**
Texas State Bar No. 24066628
**Morgan & Morgan, P.A.**
333 W. Vine Street, Suite 1200
Lexington, Kentucky 40507
Telephone:    (859) 219-4529
E-mail: BMazaheri@forthepeople.com
***Counsel for Defendant, Juan R. Ordonez***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY on this 18th day of April 2017, I electronically filed the foregoing with the Clerk of the Court for the Western District of Texas, Austin Division, by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

/s/Andrew Parker Felix
**Andrew Parker Felix, Esquire**
Florida Bar No. 0685607
*pro hac vice*
**Morgan & Morgan, P.A.**
20 N. Orange Avenue, Suite 1600
Orlando, Florida 32801
Telephone:     (407) 244-3204
E-mail: AFelix@forthepeople.com
Secondary E-Mail: KDimeglio@forthepeople.com

and

**Bernard Mazaheri, Esquire**
State Bar No. 24066628
**Morgan & Morgan, P.A.**
333 W. Vine Street, Suite 1200
Lexington, Kentucky 40507
Telephone:     (859) 219-4529
E-mail: BMazaheri@forthepeople.com
***Counsel for Defendant, Juan R. Ordonez***