# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **TK HOLDINGS, INC.** | § | |
| | § | |
| **V.** | § | **NO. 1:17-CV-250-LY** |
| | § | |
| **JUAN R. ORDONEZ** | § | |
| | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE

Before the Court are Defendant's Motion to Dismiss (Dkt. No. 9); and Plaintiff's Response (Dkt. No. 18). The District Court referred the above motions to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(A), FED. R. CIV. P. 72, and Rule 1(c) of Appendix C of the Local Rules.

## I. BACKGROUND

TK Holdings, Inc. (TKH) filed the instant action seeking a declaration that Juan R. Ordonez's product liability claims are barred by a Texas statute of repose. On September 18, 2016, Ordonez was in an accident in his 2001 Honda Accord. During that accident, the Takata airbag deployed and exploded, sending metal shrapnel into Ordonez's neck and chest. Ordonez brought suit in Texas state court against Honda and a number of Takata entities. He later voluntarily dismissed with prejudice all claims against the Honda entities, and non-suited his action against the Takata entities, and informed the Takata entities he intended to refile his claims against them in Georgia.

Before Ordonez filed that suit, TKH filed this case, seeking a declaration that Ordonez's claims are barred by the Texas statute of limitations barring product liability actions filed more than

fifteen years after the product was first sold. Ordonez moves to dismiss the case, arguing that TKH's declaratory judgment suit is not justiciable, and the Court should exercise its discretion and not decide the issue presented.

## II. ANALYSIS

The Declaratory Judgment Act "is an enabling act, which confers discretion on the courts rather than an absolute right on a litigant." *Sherwin-Williams Co. v. Holmes Cty.*, 343 F.3d 383, 388 (5th Cir. 2003) (quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995)). "In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." *Wilton*, 515 U.S. at 289. When analyzing whether to decide or dismiss the declaratory judgment suit, a court must determine: (1) whether the declaratory action is justiciable; (2) whether the court has the authority to grant declaratory relief; and (3) whether to exercise its discretion to decide or dismiss the action. *Sherwin-Williams*, 343 F.3d at 387.

### A. Justiciability

First, Ordonez argues that TKH has not established a justiciable action. For an action to be justiciable, "[i]t must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *Rowan Cos., Inc. v. Griffin*, 876 F.2d 26, 27–28 (5th Cir. 1989). The Declaratory Judgment Act "afford[s] one threatened with liability an early adjudication without waiting until his adversary should see fit to begin an action after the damage has accrued." *Id.* at 28 (quoting *Gov't Employees Ins. Co. v. LeBleu*, 272 F. Supp. 421, 427 (E.D. La. 1967)). It can also be used "to provide a means of settling an actual controversy before it ripens into a violation of the

2

civil or criminal law, or a breach of a contractual duty." *Id.* However, a "dispute of a hypothetical or abstract character . . . one that is academic or moot" is not justiciable. *Id.* at 27. In other words, to be justiciable, the dispute must be specific and concrete, and cannot be based on conjecture or the possibility of a factual situation which may never develop. *Id.* at 28.

Though TKH describes this case as a simple suit to determine "the applicability of a straightforward statute of repose," Dkt. No. 18 at 6, its pleadings belie this claim. For instance, the declarations TKH seeks are:

- an Order declaring that Defendant Ordonez's claims arising out of the Accident specifically against TKH sound solely in products liability;

- an Order that the Texas products liability statute of repose applies to Defendant Ordonez's products liability claims;

- an Order that the Texas statue of repose bars Defendant Ordonez from pursuing any and all product liability claims arising out of the Accident, or otherwise related to an alleged defect in the deployment of 2001 Honda Civic's airbag; and

- an Order that Defendant Ordonez is not entitled to any compensation from TKH for claims arising out of the Accident.

Dkt. No. 1 at 6-7. Thus, TKH's suit raises a fundamental question that is hypothetical—and potentially irrelevant—specifically, whether a suit by Ordonez against TKH would be governed by Texas law. Indeed, as of the filing of these motions, Ordonez has not sued TKH in Georgia (or elsewhere). Thus, before the issue on which TKH seeks a declaration can have any possible relevance, at least two things must happen: (1) Ordonez must file a product liability lawsuit against TKH; and (2) the court where that case is filed must decide that Texas law will govern that suit.

TKH is correct in noting that a threat to file suit *can* create an actual controversy. *See Rowan*, 876 F.2d at 28 (finding action justiciable even though defendant had not yet filed a demand);

3

*Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 897 (5th Cir. 2000) ("The threat of litigation, if specific and concrete, can indeed establish a controversy upon which declaratory judgment can be based."). Here, Ordonez non-suited his claims against TKH in Texas state court, but has indicated that he intends to refile those claims in Georgia. Dkt. No. 1-5 at 2. Thus, there is a concrete threat of litigation in this case. But TKH is not asking the Court to decide the merits of that threatened litigation; rather, TKH cherry picks a single legal question that *might* arise in that suit, and asks this Court to decide that question, notwithstanding that Ordonez will apparently be filing his suit in Georgia, not Texas, and without indicating why a Georgia court would be unable to decide that issue should it become relevant to the suit.

The primary case TKH relies on to support its claim that this is a justiciable case is a Fourth Circuit case involving defective design claims against an engineering company arising out of the construction of a portion of the Metro system in Northern Virginia. *See Delon Hampton & Asscs., Chartered v. Washington Metropolitan Area Transit Authority*, 943 F.2d 355 (4th Cir. 1991). The public body that is the owner of the Metro system—the Washington Metropolitan Area Transportation Authority—gave notice to the engineering firm that it was invoking an administrative dispute resolution remedy provided by the parties' contract to seek damages against the firm. The firm then filed a declaratory judgment action in federal court, seeking a declaration that it was not subject to the dispute resolution process, and that the claims against it were barred by a Virginia statute of limitations. The WMATA counterclaimed, suing the firm for the defective design, and seeking damages. The trial court ruled in favor of the firm on both requests, and dismissed the case. On appeal, the Fourth Circuit affirmed the ruling regarding the dispute resolution clause, but reversed on the statute of limitations question. As is apparent from this summary, TKH's reliance

on this case is misplaced. First, no question of justiciability was raised or decided in *Hampton*. Indeed, as soon as WMATA counterclaimed for defective design and asked for damages, there was little question that there was a concrete issue raised by the case. Second, once it was determined that the claim could not be decided in the other forum, any parallel to this case ended. Finally, the other important difference between *Hampton* and this case is that in *Hampton* there was no dispute regarding choice of law, and thus the Virginia statute of limitations question was one that had to be addressed regardless of where the case was going to be resolved. Here, Ordonez's claim is against TKH for the defective design of a product manufactured in Georgia. It is entirely plausible that Georgia law may be the applicable law for this claim, which means that it is very possible that no court will ever have to resolve the questions on which TKH seeks a declaration.[1] The questions are thus the very sort of conditional and hypothetical claims a court may not decide under the DJA.

**B.    Discretion**

Even if TKH raised a justiciable claim, the appropriate exercise of the Court's discretion under the DJA would be to dismiss the action. As noted earlier, even when presented with a justiciable claim it has the authority to decide, a court asked to make a declaration must still decide whether to exercise its broad discretion to decide the question presented to it. *Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 495 (1942). *See also, Travelers Ins. Co. v. Louisiana Farm Bureau Fed'n, Inc.*, 996 F.2d 774, 778 (5th Cir. 1993). "In exercising its discretion, the 'district courts may not decline

---

[1] Georgia courts have held that a statute of repose is remedial and will be "decided using the law of the state where the action was filed." *Bagnell v. Ford Motor Co.*, 678 S.E.2d 489, 492 (Ga. App. 2009). In that case the plaintiffs brought a products liability action against Ford in Georgia, arising out of a rollover accident in Texas. Ford argued that because the accident occurred in Texas, the Texas statute of limitations should apply. The Georgia court disagreed, and held that Georgia law applied because Georgia's statute of repose is remedial and procedural in nature. *Id.* at 493.

5

on the basis of whim or personal disinclination.'" *Mission Ins. Co. v. Puritan Fashions Corp.*, 706 F.2d 599, 601 (5th Cir, 1983) (quoting *Hollis v. Itawamba Cty. Loans*, 657 F.2d 746, 750 (5th Cir. 1981)). To determine whether the action should be dismissed, courts look to seven non-exhaustive factors , including:

(1) whether there is a pending state action in which all of the matters in controversy may be fully litigated;

(2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant;

(3) whether the plaintiff engaged in forum shopping in bringing the suit;

(4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist;

(5) whether the federal court is a convenient forum for the parties and witnesses;

(6) whether retaining the lawsuit would serve the purposes of judicial economy; and

(7) whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.

*Sherwin-Williams*, 343 F.3d at 388. Courts generally assess the factors in three categories: (1) the first and seventh factors address comity interests; (2) the second, third, and fourth factors address "fairness" concerns with respect to forum selection; and (3) the fifth and sixth factors address efficiency concerns. *National Cas. Co. v. Tom's Welding, Inc.*, 2012 WL 2064451, at *5 (E.D. La. June 7, 2012) (citing *Sherwin-Williams*, 343 F.3d at 390-91).

The comity factors do not weigh strongly in favor of the Court retaining this suit. Generally, a finding that there is no current state action is an important factor in determining whether to retain the suit. *Sherwin-Williams*, 343 F.3d at 394. However, "[t]he lack of a pending parallel state

proceeding should not automatically require a district court to decide a declaratory judgment action." *Id.* Here, while Ordonez has not yet filed a state action in Georgia, he has expressly stated his intent to do so, and TKH brought this suit expressly relying on that statement. Dkt. No. 1 at 3. Thus, while there is not yet a pending state suit, it appears that all parties are acting as if there soon will be one. The first factor is therefore at best neutral, and more likely favors dismissal. The seventh factor favors retention, though not strongly, as there is no pending state judicial decree which this Court would be required to construe.

The fairness factors—the second, third, and fourth factors—weigh heavily in favor of dismissal. TKH accuses Ordonez of forum shopping, but it is a case of the pot calling the kettle black. TKH plainly wants this suit to be in Texas, not Geogia, and filed this case to achieve that result. Indeed, it so desires this result it has disingenuously claimed that "Georgia bears no relationship to this suit," Dkt. No. 1 at 4, despite the fact that the anticipated suit is a product liability suit for a product designed, tested, and manufactured in Georgia. The Fifth Circuit does not favor races to the courthouse in cases such as these, and has described declaratory judgment suits such as this one as acts of "procedural fencing." *Mission Ins. Co.*, 706 F.2d at 602 n.3. Following *Mission*, district courts in this circuit have noted that they are "under no obligation to consider whether a party's strategic maneuvering will be foiled" in transferring or dismissing a suit, *Needbasedapps, LLC v. Robbins*, 926 F. Supp. 2d 919, 934 (W.D. Tex. 2013), and that they will not "allow a party to secure a more favorable forum by filing an action for declaratory judgment when it has notice that the other party intends to file suit involving the same issues in a different forum," *909 Corp. v. Vill. of Bollingbrook Police Pension Fund*, 741 F. Supp. 1290, 1292 (S.D. Tex. 1990). Though it attempts to cast itself as a victim of "a blatant attempt at forum shopping," Dkt. No. 1 at 3, TKH was the

7

aggressor in the forum contest, and filed this suit—one the Court has determined to be non-justiciable—attempting to get to the courthouse of its choosing first. Though "[t]he filing of every lawsuit requires forum selection," and forum shopping by itself is not inherently bad, this suit is an example of the "procedural fencing" the Fifth Circuit has criticized. *Mission Ins. Co.*, 706 F.2d at 602 (considering "the inequity of permitting [the declaratory plaintiff] to gain precedence in time and forum"). The fairness factors weigh in favor of dismissal.

Lastly, the efficiency factors likely also weigh, though not as strongly, in favor of dismissal. With regard to the fifth factor, Ordonez indicated intent to file suit in Georgia. Though the accident in which Ordonez sustained his injury occurred in Texas, the product was designed, manufactured and tested in Georgia. As the allegedly deficient manufacture is the true basis of the lawsuit, the majority of witnesses and documents would be in Georgia. This would indicate that Georgia is the more convenient forum. Similarly, with the sixth factor, it is unclear whether a decision by this Court that Ordonez's claims are barred by the Texas statute of repose would actually bar suit under Georgia law, or indeed, whether all of Ordonez's claims would be resolved in this action. As such, retaining the lawsuit would not serve the purposes of judicial economy.

In conclusion, the majority of factors weigh against retaining the action. Not only would the action need to answer a hypothetical or speculative question, TKH clearly attempts to engage in procedural fencing to prevent Ordonez's right to choose his forum. Thus, this action fits squarely into the category of cases which courts exercise discretion to dismiss.

### III. RECOMMENDATION

The undersigned **RECOMMENDS** that the District Judge **GRANT** Defendant's Motion to Dismiss (Dkt. No. 9), **DISMISS** this case for failure to state a claim on which relief may be granted,

and **DISMISS AS MOOT** Plaintiff's Motion for Summary Judgment (Dkt. No. 8) and Defendant's Motion to Defer Consideration (Dkt. No. 10).[2]

## IV. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 6th day of July, 2017.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE

---

[2] Prior to Ordonez filing his motion to dismiss, and 10 days after serving its complaint, TKH moved for summary judgment. Dkt. No. 8. In response, Ordonez moved for the Court to defer consideration of the summary judgment motion until the motion to dismiss was decided. Dkt. No. 10. If the recommendation contained herein is adopted, these two motions will be moot.